JAMES L. CAMERON, Appellant, v. ADOLPH GMINDER
*et al.*, Appellees.

Liquor Nuisance: INJUNCTION: EXTENT OF LIEN FOR COSTS. Where,
in an action to enjoin the sale of intoxicating liquors contrary to law
·upon certain premises, it appeared that the liquors were kept in a
room in the cellar of the dwelling house occupied by the defendants,
who were husband and wife, but no right of homestead was claimed,
*held*, that a lien for the costs of such proceeding should have been
decreed against the entire premises, and not simply against the room
in which the liquors were kept.

*Appeal from Winneshiek District Court.*—HON. L. O.
HATCH, Judge.

FRIDAY, OCTOBER 13, 1893.

THIS is a suit in equity to abate a nuisance, and to
enjoin the defendants from keeping or selling intoxi-
cating liquors, contrary to law, in a certain building
upon land owned by the defendants. There was a
trial upon the merits, and a decree for the plaintiff.
The plaintiff appeals, and claims that the decree should
have granted further relief.—*Reversed.*

*John B. Kaye,* for appellant.

*George W. Adams,* for appellees.

ROTHROCK, J.—The decree from which the appeal
was taken is as follows:
"That defendant, Adolph Gminder, at the com-
mencement of this action, and for some time prior
thereto, and with the knowledge of the defendant,
Mari Gminder, kept, either for himself or as agent for
another, intoxicating liquors, to wit, beer, in a room in
the southeast corner of the cellar of the dwelling house

occupied by defendants, and situated on said premises, with the intent to sell the same contrary to law, and that the room so used is a nuisance. It is, therefore, ordered that said nuisance be abated, and that the defendant, Adolph Gminder, be, and he is, hereby enjoined from keeping or selling intoxicating liquors, contrary to law, in said room, or elsewhere in this judicial district, and that he pay the costs of this action, including an attorney's fee of forty dollars, and that the same be made a lien on said room and the ground covered by the same, and the right of access to the said room from the alley near the said dwelling, through the outside door to said cellar. Both parties except.''

This decree is surely broad enough to enjoin the defendant, Adolph Gminder, from keeping and maintaining a nuisance, not only upon the premises described in the petition, but elsewhere in that judicial district. But the complaint is that the costs of the action are not made a lien on the premises described in the petition. We discover no reason why the lien should be restricted to a certain part of the cellar of the dwelling house of the defendants. It is true that it appears from the evidence that a room in the basement was used as a warehouse or a place to store liquors; and it appears incidentally that the defendants are husband and wife, and that they reside in the house of which the room in the cellar is a part. But it does not appear that any right of homestead was made or claimed in the case, or that there should be any part of the premises exempt from the payment of costs because it is a homestead. The decree of the district court, so far as it restricts the lien for costs to the room in the cellar, will be reversed, and the lien will be made operative on the whole premises described in the petition. The plaintiff demands that attorney's fees be fixed for services in this court in the prosecu-

tion of the appeal. The sum of twenty-five dollars
will be taxed as such fee, which, with the fee and costs
in the court below and costs in this court, will be made
a lien upon the premises, as described in the petition.
REVERSED.